## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

Electric Maintenance and Construction, Inc.

Case No.: 08:11-bk-18670-CED
Chapter 11

Debtor.

_____ _____/

## **DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

Christopher C. Todd, Esq.
Richard J. McIntyre, Esq.
McIntyre, Panzarella, Thanasides,
    Hoffman, Bringgold & Todd, P.L.
400 N. Ashley St., Ste. 1500
Tampa, FL 33617

February 6, 2012

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Electric Maintenance and Construction, Inc. (the "Debtor") from the sale of assets and cash flow from operations.

This Plan provides for 2 class(es) of secured claims; 1 class(es) of unsecured claims; and one (1) class(es) of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 13 cents on the dollar based upon estimated allowed unsecured claims of approximately $1,500,000. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan or as otherwise agreed to by any such claimant to the extent permitted by the Code.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | |
|---|---|
| Class 1. | All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). |
| Class 2. | The claims of US Ameribank, to the extent allowed as a secured claim under § 506 of the Code. |
| Class 3. | The claims of SunTrust Bank, to the extent allowed as a secured claim under § 506 of the Code. |
| Class 4. | All unsecured claims allowed under § 502 of the Code. |
| Class 5. | Equity interests of the Debtor. |

## ARTICLE III

### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims. Each holder of an allowed priority tax claim will be paid a pro rata portion their Allowed claim, in payments over a period not exceeding five years from the date of the order for relief of a total value, as of the Effective Date, equal to 100% of the allowed amount of such claim.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

### ARTICLE IV
### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured Claim of US Ameribank | Impaired | The allowed amount of the Class 1 Secured Claim will be satisfied through the liquidation of the following non-business collateral as defined in the Motion for Relief from Automatic Stay by USAmeribank (Doc. No. 70)(collectively, the "Non-Business US Ameribank Collateral"):<br><br>i.      the Waters Property<br>ii.     the Falcon Plane<br>iii.    the Learjet Plane<br>iv.    the Broward Property<br><br>The Non-Business US Ameribank Collateral will be liquidated as agreed to by the parties or through state court proceedings. US Ameribank's allowed claim shall be reduced by the proceeds received by US Ameribank from the sale of the Non-Business US Ameribank Collateral or following determination of value in the event of foreclosure. Any remaining claim will |

3

| | | be paid in full in monthly installments, with interest calculated at the rate of 5.25% and amortized over 10 years. |
|---|---|---|
| Class 2 – Secured Claim of SunTrust Bank | Impaired | The allowed amount of the Class 2 Secured Claim will be satisfied through the liquidation of the following non-business collateral as defined in SunTrust Bank's Motion for Relief from the Automatic Stay Nunc Pro Tunc to the Petition Date (Doc. No. 96)(collectively, the "Non-Business SunTrust Bank Collateral"): |
| | | i.    the Orange County Collateral |
| | | ii.    the Hillsborough County Collateral |
| | | iii.    High Cotton |
| | | The Non-Business SunTrust Bank Collateral will be liquidated as agreed to by the parties or through state court proceedings. SunTrust Bank's allowed claim shall be reduced by the proceeds received by US Ameribank from the sale of the Non-Business US Ameribank Collateral or following determination of value in the event of foreclosure. Any remaining claim will be paid in full in monthly installments, with interest calculated at the rate of 5.25% and amortized over 10 years. |
| Class 3 - General Unsecured Creditors | Impaired | The Class 3 General Unsecured will be paid $200,000 in 20 equal quarterly installments commencing three months following the Effective Date. |
| Class 4 - Equity Security Holders of the Debtor | Impaired | Existing membership interests shall be cancelled and the equity interests of the Debtor will be issued to Roseman Enterprises, LLC, for a capital contribution of $20,000 on or before the Effective Date and deferral of payment of Roseman Enterprises, LLC's administrative claim until the third anniversary of the Effective Date. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

4

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01     Assumed Executory Contracts and Unexpired Leases.

(a)     The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

All leases with Ford Credit Commercial Leasing.

(b)     The Debtor will be conclusively deemed to have rejected all executor contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor will fund the Plan primarily through continued operation of the electrical contracting business. The Debtor has contracts on several significant jobs that are either partially complete or have yet to begin, and based on the Debtor's pipeline of jobs, the Debtor believes its financial projections support this Plan.

The Debtor primarily has 2 secured creditors, US Ameribank and SunTrust Bank, backtaxes owed to the IRS for payroll tax liability and unsecured debt. SunTrust Bank has already been granted stay relief and the Debtor consents to stay relief with respect to US Ameribank's collateral.

The Plan satisfies the secured creditors by liquidating their collateral on an agreed basis (except for the Debtor's inventory and receivables, which shall not be liquidated under this Plan). The Debtor believes that both SunTrust Bank and US Ameribank are oversecured, and that their respective entire claims will be satisfied through the liquidation of the non-Debtor titled collateral.

A summary of the claims of SunTrust and US Ameribank and the anticipated value of the collateral satisfying their claims follows:

| US AMERIBANK | |
|---|---|
| **Claim Amount** | **$1,200,000** |
| Waters Properties | $1,200,000 |
| Ft. Lauderdale House | $150,000 |
| Lear Jet and Falcon Jet | $200,000 |

5

**SUNTRUST**

| Claim Amount | $665,000 |
|---|---|
| Boat: "High Cotton" | $200,000 |
| The Orlando Properties | $475,000 |
| Showtown Properties | $250,000 |

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: N/A.

8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Corporate Governance. The Debtor's charter documents shall be amended by this Plan to include a provision prohibiting the issuance of nonvoting securities, and providing, as to the classes of securities possessing voting power, an appropriate distribution of such power among such classes, including, in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default in the payment of such dividends.

## ARTICLE IX
## DISCHARGE

9.01.   Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

10.01   Retention of Jurisdiction. Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, until the reorganization case is closed, the Bankruptcy Court shall retain the most complete and most extensive jurisdiction of the reorganization case that is permitted by applicable law, including any and all actions necessary to ensure that the purposes and intent of the Plan are carried out.

10.02.   Modification of Plan.   The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require circulation of a new disclosure statement to and/or re-voting on the Plan by any class of claims treated in less favorably by any such modified Plan. The Plan Proponent may also seek to modify the plan at any time after confirmation only if (1) the Plan has not been substantially consummated; and (2) the Court authorizes the proposed modification after notice and a hearing.

10.03.   Final Decree.   Once the Estate has been fully administered, as provide in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirming Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

10.04   Deemed Acceptance.   Any holder of a claim or interest that does not vote to reject the Plan is deemed to accept the Plan if such holder has been properly served a copy of the Plan and disclosure statement, along with a ballot and notice of the confirmation hearing.

[*Signature Page Follows*]

**DEBTOR / PLAN PROPONENT**

Electric Maintenance and Construction, Inc.

Ed Roseman, President

*Signature of the Attorney for the Debtor and
Plan Proponent, Electric Maintenance and
Construction, Inc.*

*[Signature Page to Electric Maintenance and Construction, Inc. Plan of Reorganization]*